RECEIVED
IN LAKE CHARLES, LA
JUL 12 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
Western District of Louisiana
611 Broad Street, Suite 328
Lake Charles, Louisiana 70601

**PATRICIA MINALDI**
**U.S. DISTRICT JUDGE**

TELEPHONE: (337) 437-3880
FAX: (337) 437-3969

July 13, 2005

Mr. Gregory Holt #760-06
Calcasieu Corrections
P.O. Box 2017
Lake Charles LA 70602

Re:  U.S. v. Holt
     05 CR 20012

Dear Mr. Holt:

I received your letter dated June 26, 2005. In response to your questions, you are not entitled to an additional detention hearing, nor are you entitled to withdraw your guilty plea. Your attorney has refused to file these motions on your behalf because he can be sanctioned for filing frivolous motions.

Detention was considered at your initial appearance on April 15, 2005, and an order of Detention was signed, ordering that you be detained pending trial. Absent some extraordinary change in circumstances, you are not entitled to a second detention hearing. The fact that you believe that your continued detention "does not serve a legitimate governmental interest" is not sufficient grounds for a new hearing.

As you recall, you initially came before the court to enter a guilty plea on May 13, 2005, but your plea was not accepted. On June 7, 2005, you came before the court again to enter a guilty plea, but requested that you be permitted to enroll as co-counsel. On June 14, 2005, your change of plea hearing was reset for June 20, 2005, before Judge Walter. On June 20, 2005, you withdrew your request to act as co-counsel and pleaded guilty. During the plea colloquy, you indicated that your plea was made without coercion or duress. Now, you again asking to represent yourself and that you be allowed to withdraw your guilty plea, alleging duress or coercion.

"[A] district court may, in its discretion, permit withdrawal [of a guilty plea] before sentencing if the defendant can show a 'fair and just reason.'" *United States v. Powell*, 354 F.3d 362, 370 (5th Cir.2003) (citing Fed.R.Crim.P. 11(d)(2)); *see also United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir.1984. The Fifth Circuit considers seven factors when deciding whether a defendant has met this standard: whether (1) the defendant asserted his innocence, (2) withdrawal would cause the government to suffer prejudice, (3) the defendant delayed in filing the motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *United States*

v. *Carr*, 740 F.2d 339, 343-44 (5th Cir.1984). The district court's decision to permit or deny the motion is based on the totality of the circumstances. *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir.1998)(citation omitted). And the district court is not required to make findings as to each of the *Carr* factors. *Id.* (citing *United States v. Badger*, 925 F.2d 101, 104 (5th Cir.1991)); *U.S. v. Powell*, 354 F.3d 362, 370 (C.A.5 (Tex.), 2003).

Your request is denied.

Sincerely,

Patricia Minaldi