RECEIVED
IN LAKE CHARLES, LA

JUN 14 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05CR20012 |
| VS. | : | JUDGE MINALDI |
| GREGORY HOLT<br>a/k/a ABDUL MAALIK MUHAMMAD | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence (Rec. Doc. 40) filed by the defendant, Gregory Holt ("Holt") a/k/a Abdul Maalik Muhammad. The motion has been opposed by the Government. (Rec. Doc. 46). The defendant filed a Reply. (Rec. Doc. 48). This matter is fully briefed and ready for disposition.

### PROCEDURAL HISTORY[1]

On June 20, 2005, the defendant pleaded guilty to threats against the immediate family members of the President of the United States, in violation of 18 U.S.C. § 879. (Rec. Doc. 21). On November 8, 2005, he was sentenced to 23 months imprisonment with credit for time served. (Rec. Docs. 29-30).

On August 25, 2006, the Fifth Circuit dismissed the defendant's appeal as frivolous. The Federal Public Defender had requested leave to withdraw and had filed an *Anders* brief. The

---

[1] As summarized by the Government.

defendant did not file a response.[2] The Court held that an independent review of the record and counsel's brief disclosed no non-frivolous issue for appeal. This judgment was entered into the district court record on September 19, 2006. (Rec. Doc. 38).

On May 1, 2007, the defendant's supervised release was transferred to the Eastern District of Arkansas. The transfer of jurisdiction document provided that his term of supervised release was from March 19, 2007 to March 18, 2010. (Rec. Doc. 39).

On November 1, 2007, in the Eastern District of Arkansas, the defendant's supervised release was revoked, and he was sentenced to serve a term of 10 months imprisonment with no supervised release to follow. (Gov. Ex. A). The Eastern District of Arkansas described the rest of the procedural history as follows:

> Holt served his federal sentence and was released from federal prison. However, Holt was subsequently sentenced in various state courts in connection with convictions for violations of Arkansas criminal laws, see Holt v. State , 2011 Ark. 391, 384 S.W.3d 498 (2011), and he is currently a state inmate at the Varner Max security Unit of the Arkansas Department of Corrections. See Holt v. Hobbs,5:1CV00453 BSM.

(Gov. Ex. C).

While the defendant was in state custody, he filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the Eastern District of Arkansas. That court denied that motion for lack of jurisdiction because the defendant was no longer in federal custody. (Gov. Exs. B, C). The defendant now has filed a § 2255 motion in this district.

## FACTS

The stipulated factual basis for the guilty plea provides that while the defendant was

---

[2] Holt alleges that he prepared a timely response and placed it in the prison mail and that he has no idea why it never reached the Court of Appeal.

incarcerated in Oakdale he wrote several letters threatening to kidnap and inflict bodily harm upon the daughters of the President of the United States. These letters were never mailed but were written on June 20, 2004. Defendant admitted that the threats were not idle talk, exaggerated or something written in a joking manner. (Rec. Doc. 21-2).

## LAW

Holt does not dispute that he filed his §2255 motion outside the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104–132, 110 Stat. 1214 (1996). However, in his Reply, he argues that he is entitled to equitable tolling because the grounds which allegedly give rise to his §2255 claim arose more than one year after his conviction was final.

A prisoner whose conviction is final but believes that his sentence was imposed in violation of the Constitution or federal law may seek relief from his conviction and sentence by filing a motion under 28 U.S.C. § 2255 with the court that imposed his sentence. 28 U.S.C. § 2255(a). He must file such a motion within one year of the latest of four triggering dates, including the date on which the judgment of conviction becomes final. *Id.* § 2255(f). A judgment becomes final when the time for seeking review of that judgment expires. *Murphy,* 634 F.3d at 1307. Holt's sentence was affirmed on direct appeal by the by the Fifth Circuit on August 25, 2006. The judgment was entered into the district court record on September 19, 2006. (Rec. Doc. 38). The defendant's conviction became final ninety days after September 19, 2006, when the time for filing a petition for certiorari expired. (The time for filing a petition for certiorari expires ninety days after the entry of judgment by the federal court of appeals. See SUP.CT.R. 13.1.) Thus, the defendant's § 2255 motion should have been filed on or before December 19, 2007. The motion filed on March 6, 2013 is untimely. The

3

§2255 motion filed in the Eastern District of Arkansas was also untimely.

If a defendant attempts to file outside this limitations period, a district court may still review his motion if he is entitled to equitable tolling. *San Martin v. McNeill,* 633 F.3d 1257, 1267 (11th Cir.), *cert. denied,* — U.S. —, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011). Equitable tolling is available if the prisoner demonstrates that (1) he has pursued his rights diligently and (2) an extraordinary circumstance prevented him from timely exercising his rights. *Holland v. Florida,* 560 U.S. —, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). The Supreme Court has clarified that the prisoner must pursue his rights with "reasonable diligence, not maximum feasible diligence." *Id.* at 2565 (quotations and citations omitted). The defendant bears the burden of demonstrating that extraordinary circumstances prevented the timely filing of a §2255 motion such that equitable tolling applies, and mere conclusory allegations are not sufficient to raise the issue. *San Martin,* 633 F.3d at 1267–68. Equitable tolling is a rare and extraordinary remedy. *Id.* at 1271; *Doe v. United States,* L 1138779, 1 -2 ( 11th Cir. 2012).

Holt summarily states that "§2255's one-year statute of limitations period is a statute of limitations that is not jurisdictional and is therefore subject to equitable tolling." Reply, ¶2, p. 2. He make no factual assertions of how he allegedly exercised due diligence. He has not indicated any basis for finding extraordinary circumstances. Therefore, equitable tolling is not applicable.

Holt is not longer in federal custody, so this court need not consider his §2255 unless it can be deemed a *writ of coram nobis.* A *writ of coram nobis* applies to individuals no longer in custody. *United States v. Drobny* , 955 F.2d 990, 996 (5th Cir. 1992); *United States v. Castro,* 26 F.3d 557, 559 (5th Cir. 1994);*United States v. Zollino,* 141 F.App'x. 290 (5th Cir. 2005). Pursuant to Fed.R.Civ.P. 60(b) "Writs of *coram nobis, coram vobis, audita querela,* and bills of review and bills

4

in the nature of a bill of review are abolished." Nevertheless, in *United States v. Morgan*, 346 U.S. 502 (1954), the United States Supreme Court reestablished the ancient writ of *coram nobis* and held that the writ was available in federal courts under 28 U.S.C.§ 1651(a), the All Writs Act. See *United States v. Dyer,* 136 F.3d 417, 422 (5th Cir. 1998).The writ of *coram nobis* is an extraordinary remedy available in "circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski* , 91 F.3d 767, 768 (5th Cir. 1996).

This writ, however, will issue only if there is no other remedy available and if sound reason exists for the defendant's failure to seek appropriate earlier relief. *Dyer*, 136 F.3d at 422. The defendant claims (1) he is actually innocent of due to the "defense of political argument or hyperbole;" (2) his conviction was obtained through the use of a coerced guilty plea; (3) his conviction resulted from a politically-motivated prosecution due to anti-Islamic hysteria; and (4) his conviction was obtained "through the denial of self-representation." Reply Brief. He could have presented these issues on direct appeal or in a timely filed § 2255 while he was in federal custody. The defendant's motion, therefore, will be denied.

Lake Charles, Louisiana, this ___ day of June, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE