RECEIVED

MAR 2 8 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 2:05 -CR-20012 |
| v. | * | |
| | * | JUDGE DRELL |
| GREGORY HOLT | * | |
| A/K/A ABDUL MAALIK | * | |
| MUHAMMAD | * | MAGISTRATE JUDGE WILSON |

**************************************************************************

## MEMORANDUM RULING

Presently before the court is a Petition for a Writ of *Coram Nobis* (Rec. Doc. 51) filed by the petitioner, Gregory Holt, also known as Abdul Maalik Muhammad.[1] For the following reasons, the petition for a writ (Rec. Doc. 51) will be **DENIED** and **DISMISSED**.

I. **FACTS & PROCEDURAL HISTORY**

On June 20, 2005, the petitioner pleaded guilty to threats against the immediate family members of the President of the United States, in violation of 18 U.S.C. § 879. (Rec. Doc. 21). As part of the plea agreement, he admitted that in 2004, while incarcerated at Oakdale Federal Correctional Institution, he "wrote several letters threatening to kidnap and inflict bodily harm upon the daughters" of President Bush. (Rec. Doc 21-2). When interviewed about the letters, the petitioner indicated that he had written them to appear tough. (Rec. Doc. 21-2). Holt also admitted that the letter written on June 20, 2004, that threatened President Bush's daughters with serious bodily harm, contained a threat, and the threat was "not idle talk, exaggeration or something written in a joking matter." (Rec. Doc. 21-2). On November 8, 2005, he was sentenced to 23 months imprisonment and three years of supervised release. (Rec. Docs. 29-30).

---

[1] For the sake of clarity, the court will refer to the petitioner as petitioner or "Holt" throughout the opinion.

1

The petitioner appealed, and his appeal was dismissed as frivolous by the Fifth Circuit. (Rec. Doc. 38). After Holt served his 23 month incarceration term, his supervised release was transferred to the Eastern District of Arkansas. (Rec. Doc. 39). His supervised release was revoked on November 1, 2007, and he was committed to the custody of the Bureau of Prisons to serve an additional 10 month term of imprisonment with no supervised release to follow. *United States v. Holt*, 4:07-cr-00150-SWW (E.D. Ark.), (Rec. Doc. 11). Holt served the sentence and was released from federal prison. *Id.* (Rec. Doc. 15). After he was released, he was sentenced in Arkansas state courts for violating Arkansas criminal laws. *Id.* (Rec. Doc. 15 (citing *Holt v. State*, 2011 Ark. 391, 384 S.W.3d 498 (2011); *Holt v. Hobbs*, No. 5:12-CV-00453-BSM (E.D. Ark.))). He received a life sentence under Arkansas's Habitual Offender Laws. *Holt v. Hobbs*, No. 5:12-CV-00453-BSM (E.D. Ark.), (Rec. Doc. 13-1). Holt claims that the life sentence was a result of his 2005 conviction. (Rec. Doc. 51-1).

While serving his life sentence, he filed habeas petitions that collaterally attacked his state convictions, *Holt v. Hobbs*, No. 5:12-CV-00453-BSM (E.D. Ark.) (Rec. Doc. 2), and his 2005 federal conviction in both the Eastern District of Arkansas, *United States v. Holt*, 4:07-cr-00150-SWW (E.D. Ark.), (Rec. Doc. 13), and the Western District of Louisiana (Rec. Doc. 40). All of his collateral attacks failed.[2] *See* (Rec. Docs. 49, 50); *Holt v. Hobbs*, No. 5:12-CV-00453-BSM (E.D. Ark.) (Rec. Doc. 60); *United States v. Holt*, 4:07-cr-00150-SWW (E.D. Ark.), (Rec. Doc. 15). The habeas petition filed before this court in 2013 was dismissed because it was untimely and Holt was no longer in custody. (Rec. Doc. 49). The court also discussed whether the petition was viable as a petition for a writ of *coram nobis* and concluded that it was not. The

---

[2] The Eighth Circuit denied Holt's certificate of appealability for the judgment denying him habeas relief *Holt v. Hobbs*, No. 5:12-CV-00453-BSM (E.D. Ark.) (Rec. Doc. 70), and Holt currently has a pending Motion for Reconsideration regarding his Arkansas state sentence before the Eastern District of Arkansas (Rec. Doc. 79).

court determined that relief through a writ of *coram nobis* was unavailable because the claims[3] Holt raised in the 2013 petition could have been raised on direct appeal or in a timely filed 28 U.S.C. § 2255 claim. (Rec. Doc. 49, p. 5).

The petitioner filed the current petition for a writ of *coram nobis* on December 5, 2016. In his petition, he argues that he is entitled to relief because (1) the United States Supreme Court's ruling in *Elonis v. United States*, 135 S. Ct. 2001 (2015), changed the requisite mental state required for threat convictions; (2) the statements made regarding the President's daughters were political speech; and (3) his guilty plea was coerced.

## II. LAW & ANALYSIS

"The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)). The petition for writ should be filed in the district court of his conviction. *Id.* The district court has authority to grant a writ of *coram nobis* under the All Writs Act, which permits "courts established by Act of Congress" to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). In his petition for a writ of *coram nobis*, Holt challenges his 2005 conviction which resulted in a 23-month term of imprisonment imposed by this court. Therefore, the petition is properly before this court, and the court has jurisdiction over

---

[3] Holt raised four main claims: "(1) he is actually innocent…due to the 'defense of political argument or hyperbole;" (2) his conviction was obtained through the use of a coerced guilty plea; (3) his conviction resulted from a politically-motivated prosecution due to anti-Islamic hysteria; and (4) his conviction was obtained 'through the denial of self-representation.'" (Rec. Doc. 49, p. 5).

the petition under the All Writs Act. *See Esogbue*, 357 F.3d at 534 (quoting *Jimenez*, 91 F.3d at 768); 28 U.S.C. § 1651(a).

For Holt to be granted relief under a writ of *coram nobis*, he must show (1) that he is no longer in custody for the challenged conviction; (2) that no other remedy is available; (3) that he suffers a civil disability because of the challenged conviction; (4) that the conviction was based on an error of sufficient magnitude to justify relief; and (5) that he exercised reasonable diligence in trying to remedy the error. *See Esogbue*, 357 F.3d at 534; *United States v. Dyer*, 136 F.3d 417, 427 (5th Cir. 1998). "In addition, a petitioner bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct." *Dyer*, 136 F.3d at 422 (citing *United States v. Morgan*, 346 U.S. 502, 513 (1954)).

### A. No Longer in Custody for the Challenged Conviction

Holt must show that he is no longer in custody for the challenged conviction, the violation of 18 U.S.C § 879. A petitioner is no longer "in custody" for a conviction when "the sentence imposed for that conviction has fully expired." *Esogbue*, 357 F.3d at 534 (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). The 23-month sentence imposed for his violation of 18 U.S.C. § 879 has been served, and even though he is currently in custody under subsequent convictions in Arkansas, he is no longer in custody for the challenged sentence. Therefore, he meets the first criteria.

### B. No Other Remedy Available

Next, Holt must show that he has no other remedy available. Because 28 U.S.C. § 2555 only provides relief for those that are in custody, a writ of *coram nobis* is generally the only remedy available once a petitioner is no longer in federal custody. *See Morgan*, 346 U.S. at 510-11. Because Holt is no longer in federal custody, he cannot seek relief under 28 U.S.C. § 2255. Holt meets this requirement.

### C. Civil Disability

He must also demonstrate that he has a civil disability as a result of the 2005 conviction. Heavier penalties for subsequent convictions are considered civil disabilities for writs of *coram nobis*. *See Morgan*, 346 U.S. at 513; *see also Nowlin v. United States,* 81 F. Supp. 3d 514, 521 (N.D. Miss. 2015), aff'd, No. 15-60092, 2016 WL 4056048 (5th Cir. July 28, 2016) ("Examples of adverse collateral consequences include [r]eceiving recidivist punishment arising out of a subsequent conviction, threat of deportation, or suffering a loss of civil rights."). While less certain, restrictions in the petitioner's ability to travel may also be considered a civil disability. *See United States v. Panarella*, No. CRIM.A. 00-655, 2011 WL 3273599, at *10 (E.D. Pa. Aug. 1, 2011) ("Panarella also suffers civil disabilities in his everyday life, which impinge on his ability to perform his civic duties, participate in organizations, and travel."); *but see Howard v. United States*, 962 F.2d 651, 655 (7th Cir. 1992) ("[T]he loss of the right to travel to a foreign country does not appear to be a civil disability of the type justifying the issuance of a writ of error coram nobis.").

Holt argues that he has two civil disabilities as result of the 2005 conviction. First, as a result of the challenged 2005 conviction, he contends that he received a higher sentence under Arkansas's habitual offender statute, which if true, would be a civil disability. *See Morgan*, 346 U.S. at 513. However, Holt does not explain or offer proof showing how Arkansas applied the habitual offender statute, and whether it would have had a different result without the 2005 conviction. Second, he argues that because of the conviction, he is on the no-fly list, which prevents him from freely traveling. If Holt could show a restriction in travel, it could be considered a civil disability for a writ of *coram nobis*. *See Panarella*, 2011 WL 3273599, at *10; *but see Howard*, 962 F.2d at 655. Holt again does not offer proof that he is on the no-fly list, nor is it certain that he would not be on the no-fly list if he had not been convicted. Holt likely does

not adequately show a civil disability from the challenged conviction, and even if he did, his petition would fail on other grounds explained below.

### D. The Challenged Error

In addition to demonstrating a civil disability, Holt must show that his 2005 conviction was based on an error of sufficient magnitude. Holt failed to do so. Errors that are of sufficient magnitude to justify an issuance of a writ of *coram nobis* include fundamental factual or legal errors based on constitutional violations, such as deprivation of counsel in violation of the Sixth Amendment. *See United States v. Denedo*, 556 U.S. 904, 911, 913 (2009) (citations omitted); *Esogbue*, 357 F.3d at 534 ("Our court has held that ineffective assistance of counsel, if proven, can be grounds for *coram nobis* relief."). Also, a petitioner may be entitled to relief under a new rule of law that is applied retroactively on collateral review. *See Perez v. United States*, 445 F.2d 791, 792 (5th Cir. 1971) (affirming the grant of a writ of *coram nobis* based on the retroactive application of a Supreme Court holding); *cf. Adeleke v. United States*, 550 F. App'x 237, 239 (5th Cir. 2013) (affirming the denial of a writ of *coram nobis* after determining that the Supreme Court's ruling in *Padilla v. Kentucky*, 559 U.S. 356 (2010), was not a retroactive new rule of law).

Hunt argues that his criminal conviction should be vacated based on the Supreme Court's ruling in *Elonis v. United States*, 135 S. Ct. 2001 (2015). Hunt argues that the Supreme Court created a new rule under which Hunt could not have been convicted. In *Elonis,* the Supreme Court held that the crime of transmitting threats through interstate commerce under 18 U.S.C. § 875(c) had a necessary *mens rea* element. *Id.* at 2012. While the court did not specifically define requisite mental state, it determined that the mental state requirement would be "satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Id.* This court finds it unnecessary to determine

6

whether *Elonis* announced a new rule that applies retroactively because *Elonis* does not apply to Holt's 2005 conviction.

While *Elonis* addressed 18 U.S.C. § 875(c) which does not include an explicit *mens rea* element, the petitioner was convicted under 18 U.S.C. § 879, which requires that the threat be made "knowingly and willfully." 18 U.S.C. § 879(a). The petitioner in his guilty plea specifically pled that he made the statement, knowing that it was a threat. (Rec. Doc. 21-2). While the petitioner contended during the plea hearing and continues contend now that he did not intend to carry out that threat, neither the statute nor *Elonis* impose a requirement that the threat is intended to be carried out. *See Elonis,* 135 S. Ct. 2001. Holt also argues that, in light of *Elonis*, the court should reevaluate whether his statements were protected political speech. (Rec. Doc. 51, p. 7). However, the *Elonis* holding does not change the parameters of protected political speech. *See generally*, 135 S. Ct. 2001. For these reasons, *Elonis* does not apply to the petitioner's case.

To the extent that he argues that the speech was protected political speech, his argument fails. The Supreme Court in *Watts v. United States,* 394 U.S. 705, 708 (1969), upheld the law that criminalized pure speech in the form of threats against the president and the president's family. The Supreme Court also clarified that political hyperbole is not a true threat under the statute, and that political hyperbole could be distinguished from a true threat based on the surrounding circumstances. *Id.* However, during his guilty plea, Holt admitted that his statement about kidnapping and harming the president's daughters "was a threat [and not] idle talk, exaggeration or something written in a joking matter." (Rec. Doc. 21-2). While his speech may have a connection to politics, he admitted that his speech was a threat and not political hyperbole. Holt has offered no evidence that would justify disregarding the factual basis of the

7

guilty plea to which he swore. He has not shown any fundamental error under the First Amendment.

He also argues that his conviction is based on a coerced guilty plea because his counsel did not explain that political speech is protected. (Rec. Doc. 51, pp. 6-7). This claim is better understood as an ineffective assistance of counsel claim, and to successfully bring an ineffective assistance of counsel claim, Holt must show both a deficient representation that fell below an objective standard of reasonableness and prejudice as a result of the deficient representation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When deciding an ineffective assistance of counsel claim, the court does not need "to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Id.* at 697.

Holt does not show he was prejudiced by any alleged failure. As previously explained, Holt admitted that the statement was a threat and not an exaggeration or hyperbole. Therefore, he has not provided evidence, beyond conclusory allegations, that an explanation of his right to communicate political hyperbole would have resulted in a different plea. Because Holt has not shown that he suffered prejudice, the court does not address his counsel's conduct. For all of these reasons, Holt has failed to show that his 2005 conviction was based on a fundamental error.

### E. Reasonable Diligence

Furthermore, Holt has failed to demonstrate that he has acted with reasonable diligence. A petition for a writ of *coram nobis* has no strict statute of limitations, but the petitioner must exercise reasonable diligence. *See United States v. Dyer*, 136 F.3d 417, 427 (5th Cir. 1998). If the petitioner had the opportunity to seek relief under 18 U.S.C. § 2255 while in custody but did not, the petitioner must have "sound reasons" for failing to do so. *See Esogbue*, 357 F.3d at 535. Holt has not shown that he exercised reasonable diligence. He did not raise the issues on direct appeal or in a timely filed 28 U.S.C. § 2255 petition, even though all of these arguments were

available to him at the time. He does not explain what "good cause" he had for not pursuing a § 2255 petition while in custody, nor does he explain why he waited so long after being released to file a petition for a writ of *coram nobis*. He has not demonstrated reasonable diligence.

### III.   CONCLUSION

Because the petitioner has failed to show that he suffers a civil disability, that the conviction was based on a fundamental error, and that he acted with reasonable diligence, his petition for a writ of *coram nobis* will be **DENIED** and **DISMISSED**.

Alexandria, Louisiana, this 27th day of March, 2017.

DEE D. DRELL
CHIEF UNITED STATES DISTRICT JUDGE